UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MASIEH POURAHMAD, | Case No. CV 09-8164-SJO (AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| ROBERT DOYLE, CHAIRMAN BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

Petitioner, who is represented by counsel, filed this petition for a writ of habeas corpus on November 6, 2009. The petition challenges a decision denying parole suitability issued by the Board of Parole Hearings on July 2, 2008. [Memorandum in Support of Petition at 1]. Respondent filed a motion to dismiss the petition on the ground that petitioner has failed to exhaust his state remedies. Petitioner did not file an opposition to the motion.[1]

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[1] Pursuant to Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion. Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose the motion.

granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008), cert. denied, 129 S. Ct. 2771 (2009). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

The petition indicates that petitioner has exhausted his state remedies by presenting his claims to the California Supreme Court in case number S160497. [Memorandum in Support of Petition at 1 & Ex. A]. The petition in case number S160497, however, was filed in the California Supreme Court on January 31, 2008, five months before the decision petitioner challenges in this federal petition. Contrary to petitioner's contention, the state petition he references challenges a December 6, 2006 parole decision, not the 2008 decision at issue here. Further, reference to the California Supreme Court's docket reveals that petitioner has filed no other petitions in that court after July 2, 2008. Accordingly, petitioner has failed to exhaust his state remedies.

\\
\\
\\
\\

1  |  The petition is dismissed without prejudice to its refiling after
2  |  petitioner exhausts his state remedies.
3
4  |  Dated: _____2/20/2010_____
5
6  |                                         _____SJO_____
                                              S. James Otero
7                                             United States District Judge